George E. Aubin vs. George E. Darling.

PROVIDENCE—NOVEMBER 25, 1904.

Present: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Mechanic's Lien.   Lien of Workman.   Commencement of Employment.*

A. was employed by B. by the day, and worked on C.'s house from June 14 to June 26, inclusive, returning on June 30, from which time he worked continuously until he left August 27.' Gen. Laws cap. 206, § 6, provides that no workman under a subcontractor shall have any lien unless he "shall within thirty days after commencing the work give notice in writing to the person against whose estate he claims a lien that he has commenced the work" and claims a lien.   Notice was served upon defendant C., July 20:—

*Held*, that, as the employment was by the day, the last assignment to work was a new employment, and A. was entitled to a lien for wages earned from and including June 30.

Petition for enforcement of a mechanic's lien.

(1)    Douglas, J.   This is a petition for the enforcement of a mechanic's lien, which the petitioner claims for work done upon a dwelling-house built upon land of the defendant by the Capitol Hill Building and Construction Company, who employed the petitioner by the day as foreman.   Notice was served upon the defendant July 20, 1904, and the work is alleged to have been begun June 22d and to have continued day by day to August 27th.

At the hearing it appeared that the house was started March 28th, when the petitioner worked upon it for a time, and then, after working upon other jobs, returned to do the finishing work upon this one.   According to the preponderance of the evidence, he resumed work here on June 14th, instead of the 22d, as he claims; and if his work from that time had been continuous, the notice which he gave would not have been given within thirty days after the beginning of the work, and therefore he would not be entitled to a lien under the ruling of the court in *Mowry* v. *Hill*, 14 R. I. 504.

The testimony of the defendant, however, is that, while the petitioner began to work on the finishing of the house June 14th, he was taken away from this work and employed in another

place on June 27th, 28th, and 29th, and returned, finally, on June 30th, from which time he worked continuously until he finally left on August 27th.

As his employment was by the day, his last assignment to this work was a new employment, and under the case cited he is entitled to a lien for the wages earned from and including June 30th.

*Terence M. O'Reilley,* for petitioner.

*George H. Huddy, Jr.,* for respondent.